# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SLINGMAX, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15-CV-1939 CAS |
| ) | |
| MARCAL ROPE & RIGGING, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff/counterclaim defendant Slingmax, Inc.'s ("Slingmax") motion to dismiss the amended counterclaims of defendant/counterclaim plaintiffs Marcal Rope & Rigging, Inc. and Marcal Lifting Products Co. (collectively "Marcal"), pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. Marcal opposes the motion and it is fully briefed. For the following reasons, the Court will grant the motion to dismiss.

## I. Background

This is an action for federal trademark infringement under 15 U.S.C. § 1114, trademark counterfeiting under 15 U.S.C. § 1114(1)(a), and false designation of origin and unfair competition under 15 U.S.C. § 1125. Plaintiff/counterclaim defendant Slingmax alleges that it is "a leader in the rigging and overhead lifting industry, particularly with respect to synthetic slings for heavy lifting and rigging." Complaint, ¶ 8. Slingmax alleges that it has used the name and mark COVERMAX® for its abrasion-resistant covers for synthetic slings since December 1997, and was issued U.S. Trademark Registration No. 3,183,055 for the mark on December 12, 2006. Id., ¶¶ 12, 16. Slingmax alleges that in January 2006, Marcal became a licensee of its intellectual property,

including the non-exclusive right to use Slingmax's "CoverMax™ Sleeves" mark, among other Slingmax marks, but as early as the second quarter of 2006, this license was revoked. Id., ¶¶ 13-14.

Slingmax alleges that defendants/counterclaim plaintiffs Marcal also sell a range of rigging and construction products, including synthetic slings for lifting heavy loads, and sells slings with abrasion-resistant covers for synthetic slings that bear the spurious name "COVERMAX." Id., ¶¶ 19-20. Slingmax alleges that Marcal's slings do not incorporate a genuine cover fabricated by Slingmax, Marcal is not authorized to use the COVERMAX® mark, and Marcal's slings are inferior to those of Slingmax but Marcal is holding them out to the relevant public as identical or closely comparable to Slingmax's. Id., ¶¶ 21-22. Slingmax alleges that Marcal's use of the COVERMAX® name is likely to cause customer confusion and infringes on its federally protected rights in the mark.

Defendants/counterclaim plaintiffs Marcal answered the complaint and filed three counterclaims. In Count I, Marcal seeks declaratory judgment that the COVERMAX® mark is unenforceable and/or that Marcal's alleged use of the mark is non-infringing because the mark is or has become generic. In Count II, Marcal seeks declaratory judgment that Slingmax has abandoned trademark use of the COVERMAX® mark. In Count III, Marcel seeks cancellation of the COVERMAX® mark because it is or has become generic and because it has been abandoned.

Slingmax moves for dismissal of Marcal's counterclaims for failure to state a claim on which relief can be granted.

**II. Legal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," id. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id. at 555-56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions, however. Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

"While courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, courts additionally consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment." Miller v. Redwood Toxicology Lab, Inc., 688 F.3d 928, 931 & n.3 (8th Cir. 2012) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004)).

**III. Discussion**

    A. <u>Claim for Fair Use</u>

Count I of Marcal's counterclaim seeks in part a "judicial declaration that Defendants' alleged use of COVERMAX is a fair use." (Doc. 21, ¶ 12.) Slingmax asserts that Count I fails to state a claim and should be dismissed to the extent it seeks a declaration of fair use, as fair use is an affirmative defense to trademark infringement and not its own cause of action, citing <u>KP Permanent Make Up, Inc. v. Lasting Impression I, Inc.</u>, 543 U.S. 111, 118 (2004). Slingmax states that fair use is defined as party's use of a trademark as a "term or device which is descriptive of and used fairly and in good faith only to describe the goods or services of such party[,]" 15 U.S.C. § 1115(b)(4), and might permit others to use a protected mark to describe aspects of their own goods, <u>Car-Freshner Corp. v. S.C. Johnson & Son, Inc.</u>, 70 F.3d 267, 270 (2d Cir. 1995), or to comment upon or criticize the trademark owner, <u>see</u> <u>United We Stand Am., Inc. v. United We Stand Am. N.Y., Inc.</u>, 128 F.3d 86, 92-93 (2d Cir. 1997). Slingmax asserts that Marcal does not plead it is using the COVERMAX mark for any of these permitted uses.

Marcal responds that Slingmax misunderstands its allegations, as Marcal is not alleging fair use as grounds for a declaratory judgment apart from its allegation that the COVERMAX® mark is generic. Defs.' Response at 2. Marcal asserts that "there is no need to consider whether Defendants may separately obtain a declaration that their allege use constitutes fair use." <u>Id.</u> at 3.

Based on Marcal's representation that it is not alleging fair use as grounds for a declaratory judgment in Count I, despite its prayer for "judicial declaration that Defendants' alleged use of COVERMAX is a fair use," the Court will grant Slingmax's motion to dismiss Count I to the extent it seeks a declaratory judgment of fair use.

B. Trademark Cancellation as Descriptive or Laudatory

Count III of Marcal's counterclaim seeks cancellation of the COVERMAX® mark "because the mark is and has become generic, at least because it is a common descriptive, laudatory term, and because it has been abandoned." (Doc. 21, ¶ 18.) Slingmax asserts that Count I fails to state a claim and should be dismissed to the extent it is based on the ground that the COVERMAX® mark is "descriptive or laudatory." Slingmax asserts that its right to use the COVERMAX® registered mark is incontestable under 15 U.S.C. § 1065,[1] the registration is therefore conclusive evidence of the mark's validity under 15 U.S.C. § 1115(b), and its incontestable status renders the mark immune from cancellation on grounds that it is descriptive or laudatory, citing Park 'n Fly, Inc. v. Dollar Park and Fly, Inc., 469 U.S. 189, 191, 196 (1985) (action to enjoin infringement of incontestable trade mark cannot be defended on grounds the mark is merely descriptive).

Marcal's Response does not address this argument. Because the COVERMAX® mark is incontestable, it is subject to cancellation only on the grounds listed in 15 U.S.C. § 1064(3) and (5). See 15 U.S.C. § 1065. Marcal cannot challenge the mark on the basis that it is merely descriptive. Park 'n Fly, 469 U.S. at 196. Further, to the extent the COVERMAX® mark is "laudatory,"[2] a laudatory mark is descriptive. Jeld-Wen, Inc. v. Dalco Indus., Inc., 198 F.3d 250 (8th Cir. 1999)

---

[1]The complaint alleges that the COVERMAX® mark is incontestable. Complaint ¶ 28. Slingmax submits a copy of the Declaration of Incontestability as an exhibit to the Memorandum in Support of its Motion to Dismiss (Doc. 23). The Court may consider the Declaration of Incontestability on the motion to dismiss without converting the motion to one for summary judgment, as the Declaration is a matter incorporated by reference or integral to Slingmax's claim, and is also a matter of public record.

[2]"Marks that extol some feature or attribute of the goods or services are 'laudatory' and fall into the descriptive category." 2 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 11:17 (4th ed. updated June 2016).

(unpublished per curiam). Marcal therefore cannot challenge the incontestable COVERMAX® mark on the basis that it is laudatory.

The Court will grant Slingmax's motion to dismiss Count III to the extent it seeks cancellation of the COVERMAX® mark on the basis that the mark is merely descriptive or laudatory.

    C. <u>Cancellation for Genericness</u>

Count I of Marcal's counterclaim seeks a declaratory judgment that the COVERMAX® mark "is incapable of functioning as a trademark under 15 U.S.C. § 1052 because it is and has become a generic term understood by consumers of industrial sling coverings to refer to those types of products, as opposed to identifying Slingmax as the source of goods." (Doc. 21, ¶ 11.) Slingmax moves for dismissal on the basis that Marcal has not pleaded any factual allegations sufficient to raise a reasonable expectation that discovery will reveal evidence to support its claim that the COVERMAX® mark is generic, and argues Marcal's allegation is "mere speculation." Mem. Supp. Mot. Dismiss at 7.

Slingmax argues that Marcal does not allege that the mark merely describes any feature or characteristic of Marcal's or any third party's products, or that the mark is the common descriptive name for the specific type or class of goods the parties sell. It also argues that Marcal does not reference dictionary definitions or other sources to support a claim of genericness, or provide the names of any other competitors allegedly using the COVERMAX® mark. Slingmax does not cite any illustrative cases to support its assertion that Marcal's allegation of genericness is insufficient.

Marcal responds that a bare allegation that a mark is generic is sufficient to satisfy Rule 8, citing <u>Aero Products International, Inc. v. Intex Recreation Corp.</u>, 2003 WL 151936, at *5 (N.D. Ill. Jan 21, 2003). Marcal also states that it has done more than simply allege the COVERMAX® mark

has become generic, as it alleges the mark "is and has become a generic term understood by consumers of industrial slings to refer to those types of products, as opposed to identifying Slingmax as the source of the goods." (Doc. 21, ¶ 11.) Marcal cites <u>Aureflam Corp. v. Pho Hoa Phat I, Inc.</u>, 375 F.Supp.2d 950, 953 (N.D. Cal. 2005), where the court found defendant's factual allegations that "Hoa" was a common Vietnamese name as well as meaning "peace" and "flower" in Vietnamese, and that "Pho Hoa" was a generic term for beef noodle soup itself or for restaurants that serve such broth were sufficient to state a claim for genericness.

Slingmax replies that Marcal's allegation the mark "is and has become a generic term understood by consumers of industrial slings to refer to those types of products, as opposed to identifying Slingmax as the source of the goods" is merely a formulaic and conclusory recitation of the elements of the cause of action for genericness, and is not a factual allegation in support of the counterclaim. Slingmax argues that unlike the <u>Aureflam Corp.</u> case on which Marcal relies, Marcal fails to allege any facts to support its allegations of the purported generic meaning of the COVERMAX® mark or that it was in common use prior to Slingmax's registration, and notes that in <u>Aureflam Corp.</u>, the district court found that the facts defendant alleged allowed a "fair inference . . . that the 'Pho Hoa' name for restaurants had been in use prior to [plaintiff's] registration." 375 F.Supp.2d at 953.

The Court concludes that Marcal has fallen short of pleading a plausible claim for relief on the claim of genericness. As stated above, on a motion to dismiss, the Court accepts as true all factual allegations in the claim and draws all inference in favor of the nonmoving party, but is not bound to accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," <u>Iqbal</u>, 556 U.S. at 678, or "legal conclusions couched as factual allegations," <u>McDonough v. Anoka County</u>, 799 F.3d 931, 945 (8th Cir. 2015) (quoting <u>Papasan v. Allain</u>, 478

U.S. 265, 286 (1986)). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has instructed that to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570), and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the claim. Twombly, 550 U.S. at 556. "There is no requirement for direct evidence; the factual allegations may be circumstantial and need only be enough to nudge the claim across the line from conceivable to plausible." McDonough, 799 F.3d at 945 (internal quotation marks and quoted case omitted).[3]

Because the COVERMAX® mark is incontestable, it is subject to cancellation only on the grounds listed in 15 U.S.C. § 1064(3) and (5). One of those grounds is that the mark has become generic: "An incontestable mark that becomes generic may be canceled at any time[.]" Park 'n Fly, 469 U.S. at 195. In the trademark context, "A generic term refers to 'a particular genus or class of which an individual article or service is but a member,'" and "suggests the 'basic nature of articles or services.'" WSM, Inc. v. Hilton, 724 F.2d 1320, 1325 (8th Cir. 1984) (quoted cases omitted).

---

[3]The Aero Products International and Aureflam Corp. cases on which Marcal relies were decided prior to the Supreme Court's decisions in Twombly and Iqbal. See, e.g., Aero Products, 2003 WL 151936, at *5 ("dismissal is proper only when it appears beyond doubt that a plaintiff can prove no set of facts to support the allegations in his claim."). The decisions are therefore not persuasive because the courts applied a less stringent pleading standard than is applicable now. Even so, as will be discussed below, Marcal fails to allege any factual content in its counterclaim that could be considered equivalent to that alleged in Aureflam Corp..

"The test for deciding whether a word has become a generic title of a product or service is one of buyer understanding: 'What do the buyers understand by the word for whose use the parties are contending?'" Id.; 15 U.S.C. § 1064(3). The burden to prove that a registered trademark has become generic is on the party questioning the mark. 2 McCarthy § 12.60; WSM, Inc., 724 F.2d at 1326.

Here, Marcal's only factual allegation to support its counterclaim is that the COVERMAX® mark "is and has become a generic term understood by consumers of industrial slings to refer to those types of products, as opposed to identifying Slingmax as the source of the goods." This is a conclusory, formulaic restatement of the test used to determine whether the mark is generic, and therefore is properly disregarded in determining whether the counterclaim states a claim. See Iqbal, 556 U.S. at 678. Omitting this formulaic statement, Marcal fails to set forth any facts to support its claim of genericness and therefore it should be dismissed. See Ash v. Anderson Merchandisers, LLC, 799 F.3d 957, 961 (8th Cir. 2015) (plaintiffs failed to state a claim under Fair Labor Standards Act where their only allegation of an employer-employee relationship with the defendants was "simply a restatement of the legal test used to determine whether certain entities constitute a joint employer for the purpose of civil rights litigation."); see also McDonough, 799 F.3d at 946 (as plaintiffs' allegations in suit under Driver's Privacy Protection Act simply recited the impermissible purpose element of a DPPA cause of action, they "should be disregarded in determining whether the complaint states a claim for relief.").

Because Marcal fails to plead facts to support its claim, the Court will grant Slingmax's motion to dismiss Count I to the extent it seeks cancellation of the COVERMAX® mark on the basis that the mark has become generic.

D. <u>Abandonment</u>

Count II of Marcal's counterclaim seeks a declaratory judgment that Slingmax has "abandoned trademark use of the COVERMAX mark by allowing numerous other competitors to use the word mark in selling similar products." (Doc. 21, Count II, ¶ 14.) Count III seeks cancellation of the mark on the basis that it has been abandoned. Slingmax moves to dismiss Counts II and III on the basis that Marcal has not pleaded any factual allegations sufficient to raise a reasonable expectation that discovery will reveal evidence to support its claim that the COVERMAX® mark has been abandoned.

Slingmax states that a mark is deemed abandoned "[w]hen any course of conduct of the owner, . . . causes the mark to become the generic name for the goods or services on or in connection with which it is used or otherwise to lose its significance as a mark." 15 U.S.C. § 1127. Slingmax asserts that Marcal's counterclaims fail to state a claim because they do not reference any facts to support an allegation that the COVERMAX® mark has been used in any particular manner that would cause the mark to lose its trademark significance, and notes that Marcal does not reference by name any one of the "numerous other competitors" allegedly using the mark.

Marcal responds that its allegation Slingmax "abandoned trademark use of the COVERMAX mark by allowing numerous other competitors to use the word mark in selling similar products" is a "classic allegation of abandonment due to third party use" and is sufficient to state a claim, citing <u>Garcia v. Global Development Strategies, Inc.</u>, 44 F.Supp.3d 666, 673 (W.D. Tex. 2014), and <u>Fort James Corp. v. Kimberly-Clark Tissue Co.</u>, 1999 WL 966144, at *4 (N.D. Ill. Oct. 8, 1999). Response at 4. Marcal asserts that its allegation is one of fact and meets Rule 8's requirements.

10

Slingmax replies that the allegations of Marcal's counterclaims fall far short of those in the cases on which it relies. Slingmax states that the court in Garcia relied on specific factual allegations in determining that the counterclaim stated a claim for abandonment:

> In support of their counterclaim, Defendants state that there are at least 325 third-party federal registrations containing the word "Affordable," none of which Plaintiff owns. Defs.' Am. Answer and Countercls. ¶ 21. Additionally, Defendants allege that more than a dozen third-party garage door businesses use the word "Affordable" in their names. *Id.* ¶ 23. Defendants allege that Plaintiff has never acted to cancel these third-party registrations or stop the use of these third-party names. *Id.* ¶¶ 22, 24.

Garcia, 44 F.Supp.3d at 972. Slingmax states that in the Fort James Corp. case, the court referenced the fact that defendant pleaded examples of potentially infringing designs in support of its affirmative defense of abandonment. Slingmax argues that Marcal does not allege any similar or sufficient factual allegations in its own counterclaims.

Under the definition of "abandonment" at issue in this case, based on "any course of conduct of the owner, including acts of omission as well as commission," 15 U.S.C. § 1127, the inquiry is whether, through conduct of the owner, the mark has either (1) "become the generic name for the goods or services on or in connection with which it is used," or (2) has "otherwise . . . los[t] its significance as a mark." 15 U.S.C. § 1127. "Loss of significance" of a mark means "los[s of] its significance as an indicator of origin." Exxon Corp. v. Oxxford Clothes, Inc., 109 F.3d 1070, 1080 (5th Cir. 1997).

Here, Marcal's only factual allegation to support its counterclaim for abandonment is that Slingmax "abandoned trademark use of the COVERMAX mark by allowing numerous other competitors to use the word mark in selling similar products." Unlike the counterclaimant in Garcia,

Marcal fails to allege any factual content to flesh out this bare allegation of abandonment.[4] Marcal's allegation is a conclusory, formulaic restatement of a standard test used to determine whether the mark has been abandoned, and therefore is properly disregarded in determining whether the counterclaim states a claim. Iqbal, 556 U.S. at 678. Omitting this formulaic statement, Marcal fails to set forth any facts to support its claim of abandonment and therefore it should be dismissed. See Ash, 799 F.3d at 961; see also McDonough, 799 F.3d at 946.

Because Marcal fails to plead facts to support its claim, the Court will grant Slingmax's motion to dismiss Counts II and III to the extent they seek declaratory judgment of abandonment and cancellation of the COVERMAX® mark on the basis that it has been abandoned.

Accordingly,

**IT IS HEREBY ORDERED** that Slingmax's motion to dismiss defendants' amended counterclaims is **GRANTED**. [Doc. 22]

An Order of Dismissal will accompany this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  1st  day of August, 2016.

---

[4] The court in Garcia evaluated the counterclaim under the Twombly and Iqbal standard. See 44 F.Supp.2d at 669. The court in Fort James Corp. did not, and therefore the Court does not rely on the latter case.